The STATE of Ohio, Appellee,

v.

CROWLEY, Appellant.

[Cite as *State v. Crowley,* 151 Ohio App.3d 249, 2002-Ohio-7366.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–235.

Decided Dec. 31, 2002.

Ron O'Brien, Franklin County Prosecuting Attorney, and Kathleen M. Garber, Assistant Prosecuting Attorney, for appellee.

Donald C. Schumacher, for appellant.

LAZARUS, Judge.

{¶ 1} Defendant-appellant, Marlon E. Crowley, appeals from the February 7, 2002 judgment of conviction of the Franklin County Court of Common Pleas finding him guilty of aggravated murder, murder, felonious assault, having a weapon under a disability, a specification of use of a firearm, and a specification of discharging a firearm from a moving vehicle, and sentencing him to an aggregate sentence of 33 years to life in prison. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court.

{¶ 2} On the evening of May 11, 2001, appellant and four other individuals, Kylon Jones, Heather Medlands, Sequoia Byrd, and Angela Hughes, were in a red sport utility vehicle ("SUV") in the area near the Ohio State University campus. Appellant and Kylon Jones had been drinking and smoking marijuana all day, and that evening they met up with the females, who also had been drinking and smoking marijuana. The group went to a bar and also drove through a Taco Bell in the campus area. After leaving the Taco Bell, the driver, Kylon Jones, swerved toward a group of people, and someone in the group spit or threw beer on the occupants of the SUV. Jones turned the SUV around and talked to appellant about getting the person who had spit or thrown liquid on the vehicle.

{¶ 3} In the meantime, Ryan Morbitzer was walking down the street on Eleventh Avenue. Morbitzer was not part of the group that had spit or thrown beer on appellant's group. The SUV pulled up near Morbitzer, and appellant, who was seated behind the driver, pulled a pistol from his pants and fired two shots from the window of the SUV. Morbitzer was hit in the chest. The SUV sped off.

{¶ 4} Later, police located a vehicle matching the description of the vehicle involved in the shooting. The police detained the two occupants, Kylon Jones and Heather Medlands, the owner of the vehicle.

{¶ 5} The next day police responded to a report of a person with a gun in the vicinity of Hawthorne Avenue. After obtaining permission from a resident of an apartment to search the residence, police found appellant panting and sweating under the covers of a bed. A handgun was found under the mattress where appellant was lying, and the police collected the gun as evidence. Appellant was

arrested for the murder of Ryan Morbitzer five days later on a warrant issued in connection with the case.

{¶ 6}   The case was tried to a jury beginning on January 23, 2002.   The count of weapon under a disability was tried to the court.   Appellant took the stand and testified on his own behalf.   On February 5, 2002, the jury returned guilty verdicts on all counts and the specifications.   The trial court also returned a guilty verdict on the weapon-under-a-disability count.

{¶ 7}   The trial court sentenced appellant to a term of 20 years to life on the aggravated murder count, 15 years to life on the murder count, 8 years on the felonious assault count, and 5 years on the weapon-under-a-disability count.   The first three counts were ordered to be served concurrently, and the weapon-under-a-disability count was ordered to be served consecutively to the first three counts. In addition, the trial court imposed a 3-year term of actual incarceration on the firearm specification and a 5-year term on the other specification.   The specifications were ordered to be served consecutively to each other and consecutively to the sentences on counts one through four, for a total aggregate sentence of 33 years to life.

{¶ 8}   This appeal followed, with appellant assigning the following four assignments of error:

{¶ 9}   "[1.] The practice of a trial court of allowing members of a jury to submit questions to the court and attorneys for possible submission to witnesses is *per se* prejudicial to a criminal defendant;

{¶ 10}   "[2.] The trial court erred in instructing the jury that it must not consider the lesser offense of reckless homicide unless it had unanimously found the appellant not guilty of aggravated murder and murder;

{¶ 11}   "[3.] The trial court erred when it failed to merge the allied offenses of aggravated murder, murder and felonious assault prior to sentencing;

{¶ 12}   "[4.] The verdicts as to aggravated murder and murder are against the manifest weight of the evidence."

{¶ 13}   In his first assignment of error, appellant argues that the trial court's practice of permitting jurors to submit written questions to the court and attorneys for possible submission to witnesses was per se prejudicial error.   We disagree.

{¶ 14}   In State v. Fisher (Dec. 20, 2001), Franklin App. No. 01AP–614, 2001 WL 1631397, certification of conflict granted (2002), 94 Ohio St.3d 1484, 763 N.E.2d 1183, this court held that the practice of allowing jurors to submit questions does not amount to plain error.   Rather, this court stated that cases

should be reviewed to ascertain whether there was an abuse of discretion in the process. We see no such abuse of discretion here.

{¶ 15} Although defense counsel objected generally to the practice of allowing the jury to submit written questions, defense counsel did not object to any questions actually asked by the jury, and the trial court, in its exercise of discretion, eliminated the one question defense counsel objected to. Appellant has not demonstrated how he was prejudiced by any of the questions asked by the jury, and in fact with respect to the questions submitted to appellant stated, "Ask away," and "Ask them all." Based on our own review of the record, we find no abuse of discretion or prejudice to appellant, and accordingly, the first assignment of error is not well taken and is overruled.

{¶ 16} In his second assignment of error, appellant argues that the trial court gave the jury an improper "acquittal first" instruction, which required the jury unanimously to find appellant not guilty of aggravated murder and murder before the jury could consider the lesser charge of reckless homicide. Appellant argues that the "acquittal first" instruction could have prejudiced the jury's deliberations. Further, appellant concedes that defense counsel did not object to the instruction, but urges this court to find plain error and reverse.

{¶ 17} A trial court must give jury instructions that are a correct and complete statement of the law. *Marshall v. Gibson* (1985), 19 Ohio St.3d 10, 12, 19 OBR 8, 482 N.E.2d 583. If appellant did not raise a timely objection with respect to a jury instruction, we must engage in a plain error analysis pursuant to Crim.R. 52(B). "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus. Our inquiry under a plain error standard is whether, but for the allegedly erroneous instruction, the outcome of the trial clearly would have been different. Id., paragraph two of the syllabus. The relevant jury instructions, which followed the court's explanation of the law of aggravated murder and murder, are set out below:

{¶ 18} "Now, we're going to get to the issue of the lesser-included offense. This is a lesser-included offense of the offense of murder. This is reckless homicide. You heard some discussion about it during closing arguments.

{¶ 19} "If you fail to find that the state proved beyond a reasonable doubt the elements of either purposely or knowingly of the offense of murder, you should find the defendant not guilty of murder and consider the lesser-included offense of reckless homicide.

{¶ 20} "If any of you took geometry, this is like sort of like a geometric theorem. Then you go to this, if this, not this.

{¶ 21} "Before you can find the defendant guilty of reckless homicide, you must find beyond a reasonable doubt that on or about the 11th day of May, 2001; in Franklin County, Ohio; the defendant recklessly caused the death of Ryan Morbitzer.

{¶ 22} "This paragraph contains the element of the offense of reckless homicide. You will only get to this if you find the defendant not guilty of aggravated murder and not guilty of murder.

{¶ 23} "Notwithstanding your consideration of the lesser-included offenses, it is your duty to accept the law as given to you by the court. If the facts and the law warrant a conviction of the greater offense, it is your duty to return that verdict, uninfluenced by your power to find the defendant guilty of a lesser offense.

{¶ 24} "You're not to find the defendant guilty of a lesser offense as a compromise. But rather, you are to find the defendant guilty of a lesser offense only if the evidence fails to prove the greater offense, but proves the lesser offense, and again, this is all beyond a reasonable doubt in your standard of proof."

{¶ 25} We disagree with appellant's contention that the trial court gave a prejudicial "acquittal first" instruction.

{¶ 26} In *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph three of the syllabus, the Ohio Supreme Court held:

{¶ 27} "A jury must unanimously agree that the defendant is guilty of a particular criminal offense before returning a verdict of guilty on that offense. If a jury is unable to agree unanimously that a defendant is guilty of a particular offense, it may proceed to consider a lesser included offense upon which evidence has been presented. The jury is not required to determine unanimously that the defendant is not guilty of the crime charged before it may consider a lesser included offense."

{¶ 28} In *Thomas,* the trial court gave the following instruction:

{¶ 29} " 'If you find that The State has proven beyond a reasonable doubt all of the essential elements of the crime of aggravated murder, then your verdict must be that the Defendant is guilty of aggravated murder; and you will not consider the lesser offense.

{¶ 30} " 'However, if you find that The State has failed to prove beyond a reasonable doubt the element of prior calculation and design, then your verdict must be that the Defendant is not guilty of aggravated murder.

{¶ 31} " 'You will then proceed with your deliberations and decide whether The State has proven beyond a reasonable doubt all of the essential elements of the lesser crime of murder.' " Id. at 220, 533 N.E.2d 286.

{¶ 32} The Ohio Supreme Court held that the above instruction was not prejudicial because it "does not expressly require unanimous acquittal on the charged crime, but rather addresses possible disagreement by the jury on the element of prior calculation and design and a corresponding inability to reach a verdict of guilty of aggravated murder." Id.

{¶ 33} The instructions in the present case are similar, in that the instruction at issue did not require the jury to unanimously acquit appellant on the aggravated murder and murder charges before it could consider the lesser included offense of involuntary manslaughter. Rather, the instruction only informed the jury that it could also consider whether appellant was guilty of reckless homicide if it did not find that the state had proved the elements of knowingly or purposely beyond a reasonable doubt. While the better practice would have been to include the preferred "inability to agree" language that the Ohio Supreme Court referred to in *Thomas,* the instructions in this case did not expressly require the jury to agree unanimously that appellant was not guilty of aggravated murder or murder before it could consider reckless homicide. Id. at 220–221, 533 N.E.2d 286. See, also, *State v. Greene* (Mar. 31, 1998), Franklin App. No. 90AP–646, 1998 WL 151809. The second assignment of error is not well taken and is overruled.

{¶ 34} In his third assignment of error, appellant contends that the trial court erred in failing to merge the offenses of aggravated murder, murder, and felonious assault. The state concedes that although the aggregate sentence should remain the same, by law, the convictions should be merged. The trial court indicated on the record that the charges should merge, and the state elected to have appellant sentenced on the aggravated murder charge. The trial court then proceeded to impose concurrent sentences on each count. This was error. *State v. Jones* (Oct. 22, 1998), Franklin App. No. 98AP–129, 1998 WL 849371. See, also, *State v. Fenwick* (2001), 91 Ohio St.3d 1252, 1254–1255, 745 N.E.2d 1046, dismissed as improvidently allowed (Moyer, C.J., dissenting, finding a conflict on the question "Where a jury finds a defendant guilty of multiple criminal offenses, some of which are subsequently merged as being allied offenses of similar import, does a trial court commit plain error in entering convictions on all the criminal offenses, where the sentences for the merged offenses are ordered to be served concurrently?"). Thus, we remand for the limited purpose of merging the murder and felonious assault convictions with the conviction for aggravated murder. The third assignment of error is sustained.

{¶ 35} In his fourth assignment of error, appellant argues that the jury verdicts for aggravated murder and murder were against the manifest weight of the evidence. Appellant contends that the evidence supported the mental state necessary for a conviction for reckless homicide but not for murder or aggravated murder. Appellant points to his own testimony that the shooting was an accident and that he fired toward the ground.

{¶ 36} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. In so doing, the court of appeals sits as a " 'thirteenth juror' and, " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " Id., quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717; see, also, *Columbus v. Henry* (1995), 105 Ohio App.3d 545, 547–548, 664 N.E.2d 622. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387, 678 N.E.2d 541. As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, see [*State v.*] *DeHass* [ (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens* (May 28, 1996), Franklin App. No. 95APA09–1236, 1996 WL 284714. It was within the province of the trial court to make the credibility decisions in this case. See *State v. Lakes* (1964), 120 Ohio App. 213, 217, 29 O.O.2d 12, 201 N.E.2d 809 ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness").

{¶ 37} In this case, appellant testified that he intended to scare a group of people and that the shooting was not on purpose and was in fact an accident. Appellant also claimed that he fired toward the ground. However, a review of the evidence shows that appellant fired his weapon twice, with one round hitting the victim in the chest and one bullet hitting the sidewalk in front of a residence. Because that particular sidewalk was elevated, Ryan Morbitzer was standing, and appellant was seated in the SUV, there was evidence that appellant actually fired his weapon straight ahead or slightly upward rather than towards the ground as appellant testified.

{¶ 38} There was also evidence that appellant acted purposely and not accidentally. Angela Hughes testified that after the spitting or beer-throwing

incident and while the SUV was circling back to Eleventh Avenue, appellant stated that he was going to "get him," and Kylon Jones said, "He's dead." After the shooting, Kylon Jones asked appellant "was he sure he shot the right person," and appellant responded, "I don't know."

{¶ 39} After reviewing the record in this case, we find there was ample evidence from which the jury could find that appellant was guilty of aggravated murder and not merely reckless homicide. The fourth assignment of error is not well taken and is overruled.

{¶ 40} Based on the foregoing, appellant's first, second, and fourth assignments of error are overruled, the third assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded to the trial court for the limited purpose of merging the murder and felonious assault convictions with the conviction for aggravated murder.

Judgment affirmed in part,
reversed in part
and cause remanded.

DESHLER and KLATT, JJ., concur.