[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} On April 12, 2000, defendant, Eddie L. Ray, was indicted by the Franklin County Grand Jury on one count of kidnapping in violation of R.C. 2905.01 and one count of sexual battery in violation of R.C. 2907.03. A jury found defendant guilty of sexual battery, but not guilty of kidnapping. By judgment entry filed April 17, 2002, the trial court sentenced defendant to a one-year term of imprisonment. A notice of appeal was timely filed, with defendant assigning one error for our review:
 {¶ 2} "The trial court committed plain error by permitting members of the jury to submit questions to the court for review and submission to the [witness]."
 {¶ 3} Defendant asserts that the trial court's practice of allowing jurors to ask questions of witnesses constituted per se prejudicial error. We disagree.
 {¶ 4} After the examination of each witness, the court permitted the jurors to submit written questions to the witness. The trial judge and counsel reviewed the questions outside the jury's presence. If the court determined that the question was proper, it questioned the witness accordingly. Defendant objected to a few of the submitted questions; those questions were not submitted to the witness. After each question was posed, counsel was given the opportunity to re-examine the witness. In reliance on State v. Gilden (2001), 144 Ohio App.3d 69, defendant contends on appeal that questioning by jurors is inherently prejudicial and violates a defendant's rights to due process and a fair trial.
 {¶ 5} At the outset, we note that defendant did not object to the practice of permitting the jurors to ask questions of the witnesses. Accordingly, we must review defendant's assignment of error under the plain error standard. Crim.R. 52(B) provides that a reviewing court may consider errors which affect substantial rights even though they were not brought to the attention of the trial court. An error qualifies as plain error only if it is obvious, and but for the error, the outcome of the trial would clearly have been otherwise. State v. Yarbrough (2002),95 Ohio St.3d 227, 245. The "plain error rule should be applied with utmost caution and should be invoked only to prevent a clear miscarriage of justice." State v. Underwood (1983), 3 Ohio St.3d 12, 14.
 {¶ 6} This court addressed the precise issue raised herein in State v. Fisher (Dec. 20, 2001), Franklin App. No. 01AP-614, certification of conflict granted (2002), 94 Ohio St.3d 1494. In Fisher, we disagreed with Gilden and held that the practice of permitting jurors to submit questions does not amount to plain error. Rather, we averred that cases should be carefully reviewed to determine whether there was an abuse of discretion in the process. We have reaffirmed our position on this issue in State v. Grimmett, Franklin App. No. 01AP-1287, 2002-Ohio-3354, certification of conflict granted (2002),96 Ohio St.3d 1510, and State v. Crowley (2002), 151 Ohio App.3d 249.
 {¶ 7} Defense counsel did not object to any of the questions actually asked by the jury, and, as we have already noted, the trial court, exercising its discretion, eliminated the questions to which defense counsel objected. Defendant has not pointed to any specific questions asked by a juror as prejudicial, nor has he argued that the judge abused her discretion in allowing the practice. Based upon our own review of the record, we find no abuse of discretion or prejudice to defendant, and, accordingly, defendant's assignment of error is not well-taken.
 {¶ 8} For the foregoing reasons, defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and LAZARUS, JJ., concur.