DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Chillicothe Municipal Court judgment of conviction and sentence. The jury found Earnest Ramey, defendant below and appellant herein, guilty of assault in violation of City of Chillicothe Ordinance Section 537.03.
 {¶ 2} Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE COURT BELOW ERRED WHEN IT INSTRUCTED THE JURY THAT IT COULD NOT CONSIDER A LESSER INCLUDED OFFENSE UNTIL AFTER THE JURY HAD FOUND THE DEFENDANT NOT GUILTY OF THE GREATER OFFENSE."
SECOND ASSIGNMENT OF ERROR:
"THE COURT BELOW ERRED WHEN IT PROVIDED A VERDICT FORM TO THE JURY WHICH REQUIRED THE FINDING OF NOT GUILTY TO THE GREATER OFFENSE PRIOR TO CONSIDERING THE LESSER INCLUDED OFFENSE."
 {¶ 3} During Chillicothe's Feast of the Flowering Moon Festival, an altercation occurred between Earnest Ramey, defendant below and appellant herein, and Albert Mozek. Testimony reveals that when Mozek encountered appellant, he attempted to simply walk away and extricate himself from a confrontation. Appellant, however, followed Mozek and struck him several times, both with his closed fist and open hand. The evidence also revealed that Mozek did not attempt to return the blows.
 {¶ 4} At the conclusion of appellant's jury trial, the trial court gave the jury the following instruction:
"If you find that the City proved, beyond a reasonable doubt, all of the essential elements of the crime of assault, then your verdict must be guilty as charged. However, if you find that the City failed to prove any one of the essential elements of the crime of assault, you must find the Defendant not guilty of assault and you will proceed with your deliberations and decide whether the City has proved beyond a reasonable doubt all the elements of the lesser crime of disorderly conduct."
 {¶ 5} Later, the trial court gave the following jury instruction to explain the verdict form:
"Once all eight of you agree upon the verdict of either guilty or not guilty, the foreperson's going to write that word or those words on that blank line, of the offense of assault * * * If your verdict is guilty of assault, you'll stop there. If your verdict is not guilty of assault, you'll go on to the bottom half of the form, which says: In the event you find the Defendant not guilty of assault, you shall continue Deliberations with respect to the lesser included offense of disorderly conduct. * * *."
 {¶ 6} Appellant asserts that the trial court's "acquittal first" instructions improperly prevented the jury from considering the lesser included offense (disorderly conduct) unless the jury first reached a unanimous not guilty verdict with respect to the principal offense (assault).
 {¶ 7} Appellee acknowledges that Ohio law does not permit an "acquittal first" instruction, but contends that the trial court's jury instruction did not require a unanimous acquittal of the more serious offense before the jury could consider the lesser included offense.
 {¶ 8} When a reviewing court examines jury instructions, a single instruction may not be judged in artificial isolation, but must be viewed in the context of the overall charge. State v.Madrigal (2000), 87 Ohio St.3d 378, 721 N.E.2d 52. Thus, the reviewing court must consider the jury instructions "as a whole" and determine whether the charge probably misled the jury in a matter materially affecting the complaining party's substantial rights. Becker v. Lake Cty. Mem. Hosp. West (1990),53 Ohio St.3d 202, 208, 560 N.E.2d 165; see, also, State v. Noggle
(2000), 140 Ohio App.3d 733, 750, 749 N.E.2d 309. Courts presume that juries obey the instructions given to them. State v. Ahmed103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637.
 {¶ 9} A trial court may not instruct a jury that it must unanimously acquit a criminal defendant of a greater offense before it may consider a lesser offense. See State v. Thomas
(1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph three of the syllabus; State v. Franklin, 97 Ohio St.3d 1, 2002-Ohio-5304,776 N.E.2d 26, ¶ 71. In Thomas, the Ohio Supreme Court held that while "[a] jury must unanimously agree that the defendant is guilty of a particular criminal offense before returning a verdict of guilty on that offense," the jury need not unanimously agree that the defendant is not guilty of the crime charged before considering a lesser included offense. Id. Rather, if the jury is unable to agree on a verdict with respect to the greater offense, it may then consider the lesser offense. Id. Thus, a jury instruction does not constitute an improper acquittal first instruction if the instruction does not require unanimous acquittal on the crime charged before the jury may consider the lesser included offense. State v. Allen (1995),73 Ohio St.3d 626, 653 N.E.2d 675.
 {¶ 10} In Thomas, the court determined that the following jury instruction did not constitute an improper acquittal-first instruction:
"If you find that The State has proven, beyond a reasonable doubt, all of the essential elements of the crime of aggravated murder, then your verdict must be that the Defendant is guilty of aggravated murder, and you will not consider the lesser offense. However, if you find that The State has failed to prove beyond a reasonable doubt the element of prior calculation and design, then your verdict must be that the Defendant is not guilty of aggravated murder. You will then proceed with your deliberations and decide whether The State has proven beyond a reasonable doubt all of the essential elements of the lesser crime of murder.'"
Id. at 220, 24 O.O.3d 150, 434 N.E.2d 1356. The Thomas court concluded that the jury instruction did not amount to an improper acquittal first instruction because it did not "expressly require unanimous acquittal on the charged crime, but rather addresse[d] possible disagreement by the jury on the element of prior calculation and design and a corresponding inability to reach a verdict of guilty of aggravated murder." Id. The court held that the instruction did not prejudice the defendant because it had "negligible coercive potential" and spoke to the "jury's inability to find, whether unanimously or not, a certain element of a greater offense." Id. Since Thomas, the court has had several occasions to further review this issue. For example, inAllen, supra, the court determined that the following jury instruction did not constitute an improper acquittal first instruction: "If you find the defendant not guilty of aggravated murder, you will then proceed with your deliberations and determine whether * * * the defendant is guilty or not guilty of murder." Id. The Allen court concluded that although the instruction was "not ideal," the instruction did not require unanimous acquittal on the crime charged before the jury could consider the lesser included offense. Id. at 638, 653 N.E.2d 675. The court noted, however, that "[a] better instruction would incorporate the `inability to agree' language adopted inThomas." Id. at fn. 4.
 {¶ 11} In State v. Stallings (2000), 89 Ohio St.3d 280,293, 731 N.E.2d 159, the court concluded that the following instruction did not constitute an improper acquittal first instruction: "If you find the State * * * failed to prove purpose in the aggravated murder count, or if you are unable to agree,
you will continue your deliberations and consider the lesser and included offense of involuntary manslaughter." (Emphasis sic.) In concluding that the foregoing instruction did not constitute an improper acquittal-first instruction, the Stallings court noted that the trial court "never suggested that the jury must unanimously find the accused not guilty of aggravated murder before considering the lesser offense of manslaughter." Id.
 {¶ 12} In State v. Franklin, 97 Ohio St.3d 1,2002-Ohio-5304, 776 N.E.2d 26, the court determined that the following instruction did not constitute an improper acquittal first instruction: "If you find the State proved beyond a reasonable doubt all of the essential elements of the offense of Aggravated Murder as charged in any one or more of the Counts of the Indictment, then your Verdict must be Guilty of that offense, and in that event, you will not consider any lesser charge. If you find that the State failed to prove beyond a reasonable doubt Aggravated Murder, or if you are unable to agree that the State proved Aggravated Murder, you will proceed with your deliberations and decide whether the State has proved beyond a reasonable doubt the elements of the lesser included offense of Murder." Id. at ¶ 69-70.
 {¶ 13} The Franklin court noted that "[t]he instruction was clear that the jury could proceed with deliberations to consider the lesser included offense of murder only if it was `unable to agree' that appellant was guilty of aggravated murder." Id. The court stated that "[t]here should have been no doubt in the jurors' minds that they need not unanimously dismiss the aggravated murder charge before they could address the lesser charge." Id. Ohio appellate courts have upheld similar "if you find" instructions that contained no indication that the jurors must unanimously agree that the defendant is not guilty of the greater offense before considering the lesser offense. See Statev. Crowley, 151 Ohio App.3d 249, 2002-Ohio-7366, 783 N.E.2d 970;State v. Davis (Mar. 22, 2002), Hamilton App. No. C-010477, 2002 WL 440790; State v. Wright (Nov. 13, 2001), Franklin App. No. 00AP-985, 2001 WL 1403022; State v. Stevenson (July 21, 2000), Erie App. No. E-94-002, 2000 WL 1005213; State v. Roe
(Sept. 22, 1992), Franklin App. No. 92AP-334, 1992 WL 246023;State v. Greene (Mar. 31, 1998), Franklin App. No. 90AP-646, 1998 WL 151809 (recognizing that "[w]hat is of significance is that nowhere in the instructions were the jurors expressly told that they must unanimously find [the defendant] not guilty of a greater offense before they could consider a lesser offense.'").
 {¶ 14} In State v. Gamble, Hamilton App. No. C-10463, 2002-Ohio-1981, 2002 WL 440785, the court determined that the following jury instruction did not constitute an improper acquittal first instruction:
"If, however, you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of Breaking and Entering, your verdict must be not guilty of Breaking and Entering and you will then proceed with your deliberations and decide whether the State has proven beyond a reasonable doubt of all the essential elements of the lesser offense of Criminal Trespass."
The Gamble court concluded that the instructions sufficiently resembled the instructions that the Ohio Supreme Court approved of in Thomas. The court noted that nowhere in the instructions did the trial court inform the jury that it must unanimously acquit the defendant of the greater offense before considering the lesser offense.
 {¶ 15} In State v. Overton (May 5, 2000), Lucas App. No. L-98-1410, 2000 WL 543227, the court concluded that the following instruction did not constitute an improper acquittal first instruction:
"If you find the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of felonious assault then of course your verdict must be not guilty. If you find that the State proved beyond a reasonable doubt all of the essential elements of the offense of felonious assault then your verdict must be guilty. If you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of felonious assault as I said your verdict must be guilty — not guilty of that offense, then in that event you will continue your deliberations and decide whether the State has proved beyond a reasonable doubt all of the essential elements of the lesser included offense of assault."
The Overton court concluded that the instructions "sp[oke] to the jury's inability to find, whether unanimously or not, a certain element of the greater offense." The court rejected the defendant's argument "that the court's addressing the jury in the collective remove[d] from the individual jurors the ability to disagree on any one element of the greater offense before considering the lesser offense."
 {¶ 16} In State v. Villa, Montgomery App. No. 18868, 2002-Ohio-2939, 2002 WL 1332774, appeal disallowed,96 Ohio St.3d 1525, 2002-Ohio-5099, 775 N.E.2d 864, the court concluded that the trial court's instruction did constitute an improper acquittal first instruction. The trial court instructed the jury:
"If you find that the State proved beyond a reasonable doubt all the essential elements of the offense of Rape of a Person Under the Age of Thirteen, your Verdict must be Guilty. If you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of Rape of Person Under the Age of Thirteen, then your Verdict must be Not Guilty. If you find the Defendant Guilty of Rape of a Person Under the Age of Thirteen, you need not consider the lesser-included offense of Gross Sexual Imposition of a Person Under the Age of Thirteen. However, if you find the Defendant Not Guilty of Rape of a Person Under the Age of Thirteen, you must consider the lesser-included offense of Gross Sexual Imposition of a Person under the Age of Thirteen."
The court stated:
"Had the trial court stopped there, we might agree with the state that the instruction did not expressly require the jury to unanimously agree on the rape charge before considering the gross sexual imposition charge. However, the trial court continued, stating, `The second Verdict Form you have — and again, you willnot consider this — this second Verdict Form unless you find theDefendant Not Guilty of the offense of Rape of a Person Under theAge of Thirteen.'" (Emphasis sic.) Id.
The court Villa concluded that the instructions "clearly required the jury to acquit Villa on the rape charge before considering the gross sexual imposition charge" and that constituted an improper acquittal-first instruction. The court ultimately, however, determined that the trial court's subsequent curative instruction remedied the error in giving the acquittal-first instruction. During deliberations, the jury submitted the following question to the trial court: "Your Honor, if we cannot come to a unanimous decision on the Rape charge of [the victim}, are we allowed to go to the charge G.S.I.?" The court replied, "Yes, you must reach a unanimous verdict." The parties eventually agreed that the trial court's answer was incorrect. Within a half hour of the earlier answer, the court then called the jury into the courtroom and read the following instruction:
"The court, after further research, has concluded that you may consider the lesser-included charge of Gross Sexual Imposition of a Person Under the Age of Thirteen, if you cannot reach a unanimous Verdict on the charge of Rape of a Person Under the Age of Thirteen."
The Villa court concluded that the trial court's final instruction on the matter cured the defect with the prior instructions.
 {¶ 17} In the case sub judice, we agree with appellant that the trial court's jury instructions constitute an improper acquittal first instruction. In instructing the jury, the trial court stated:
"If you find that the City proved, beyond a reasonable doubt, all of the crime of assault, then your verdict must be guilty as charged. However, if you find that the City failed to prove any one of the essential elements of the crime of assault, you must find the Defendant not guilty of assault and you will proceed with your deliberations and decide whether the City has proved beyond a reasonable doubt all the elements of the lesser crime of disorderly conduct."
We recognize that this instruction incorporates the "if you find" language that courts have concluded complies with Thomas.
We find it unnecessary, however, to determine whether the instruction, standing alone, constitutes an improper acquittal first instruction. Rather, we believe that the trial court's later instruction as to how to complete the verdict forms, when coupled with the above instruction, constitutes an improper acquittal first instruction. In instructing the jury how to complete the verdict forms, the trial court stated:
"One all eight of you agree upon the verdict of either guilty or not guilty, the foreperson's going to write that word or those words on that blank line, of the offense of assault * * * If your verdict is guilty of assault, you'll stop there. IF your verdict is not guilty of assault, you'll go on to the bottom half of the form, which says: In the event you find the Defendant not guilty of assault, you shall continue Deliberations with respect to the lesser included offense of disorderly conduct * * *"
While we recognize that jury instructions must be viewed as whole, we believe that the instructions could have undermined the jury understanding of whether it had to unanimously agree on a verdict on the greater charge before it considered the lesser charge. Thus, the above instructions could confuse a reasonable juror whether a unanimous not guilty verdict must be reached on the more serious offense before the jury could consider the lesser included offense.
 {¶ 18} We also parenthetically note that our review of the transcript reveals that the trial court did not include in its jury instructions the third paragraph of the Ohio Jury Instruction lesser-included-offense instruction regarding a jury's inability to agree on a verdict on a more serious offense and the proper consideration of a lesser offense.[1] See footnote 1, paragraph 3.
 {¶ 19} Thus, because a sufficient danger exists that the jury could have interpreted the instructions to require a unanimous acquittal on the greater charge before it could consider the lesser charge, we agree with appellant that the trial court erred.
 {¶ 20} Our inquiry does not end at this point, however. Crim.R. 52 requires courts to disregard harmless error. In other words, reviewing courts may overlook an error when the evidence comprises overwhelming proof of a defendant's guilt. State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492; State v.Williams (1983), 6 Ohio St.3d 281, 452 N.E.2d 1723, cert. den. (1983), 464 U.S. 1020, quoting Harrington v. California (1974),394 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 84. The harmless error doctrine focuses on the underlying fairness of the trial rather than the presence of immaterial error.
 {¶ 21} In the case sub judice, appellee contends that if the trial court's jury instruction was erroneous, the overwhelming nature of the evidence must nevertheless result in the conclusion that the error is harmless beyond a reasonable doubt. Appellee cites uncontroverted testimony from three bystanders, the victim and appellant's spouse. This testimony reveals that appellant repeatedly struck the victim, that the victim did not return or attempt to return the blows, and that the victim actually attempted to walk away from the confrontation. Additionally, as appellee points out, even appellant's spouse testified that her husband struck the victim and the reason the victim did not attempt to return the blows, in her opinion, was "because that's probably what he wanted."
 {¶ 22} Our review of the evidence adduced at trial reveals that the prosecution overwhelmingly established the elements of the crime of assault. Therefore, the evidence submitted to the jury in the case sub judice did not reasonably permit an acquittal on the offense of assault and a conviction on the offense of disorderly conduct.
 {¶ 23} Appellant also asserts that insufficient evidence was adduced at trial concerning the physical harm element for the crime of assault. We disagree. R.C. 2901.01(C) defines "physical harm" as follows: "Physical harm to persons" means any injury, illness, or other physiological impairment, regardless of its gravity or duration. Additionally, the elements of the crime of assault includes not only the actual infliction of physical harm, but also the attempt to inflict physical harm.
 {¶ 24} In the case sub judice, we find ample evidence to establish that appellant inflicted physical harm upon the victim. The testimony indicated that appellant struck the victim on his head and ear with his fist and open hand. The victim testified that the blows to his head and ear "hurt * * * pretty bad." Here, the jury's finding of physical harm "comports with many other cases which have examined the `physical harm' element." SeeState v. Dobbs (June 10, 1996), Highland App. No. 875, unreported. See, also, State v. Hustead (1992),83 Ohio App.3d 809, 615 N.E.2d 1081 (slap to the face that causes no redness, bruising or head movement); State v. Neff (Sept. 30, 1992), Franklin App. No. 92 AP 655 (act of grabbing and jerking a victim's arm thereby causing him pain); Columbus v. Bonner
(July 21, 1981), Franklin App. No. 81AP-161 (the slightest physical harm is sufficient); State v. Robinson (Sept. 30, 1985), Stark App. No. 06649 (act of throwing urine upon a person sufficient to constitute physical harm); State v. Conliff
(1978), 61 Ohio App.2d 185, 401 N.E.2d 469 (Whiteside, J., concurring) (struck on the head and shoulder by a pie is sufficient to constitute physical harm). Thus, after our review of the record in the instant case we believe that sufficient evidence exists to support the jury's conclusion concerning physical harm element of the crime.
 {¶ 25} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignments of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed. Appellee shall recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, P.J. Kline, J.: Concur in Judgment Opinion.
[1] Section 413.21 of the Ohio Jury Instructions entitled "lesser included instruction," provides:
"You must consider the offense charged in the indictment. If you find that the state proved beyond a reasonable doubt all the essential elements of the offense of (the greater offense), your verdict must be guilty as charged.
However, if you find that the state failed to prove beyond a reasonable doubt all the essential elements of (the greater offense), then your verdict must be not guilty of that offense; and in that event, you will continue your deliberations to decide whether the state has proved beyond a reasonable doubt all the essential elements of the lesser included offense of (the lesser offense).
If all of you are unable to agree on a verdict of either guilty or not guilty of (the greater offense), then you will continue your deliberation to decide whether the state has proved beyond a reasonable doubt all the essential elements of the lesser included offense of (the lesser offense).