The STATE of Ohio, Appellee,

v.

HUSTEAD, Appellant.

[Cite as *State v. Hustead* (1992), 83 Ohio App.3d 809.]

Court of Appeals of Ohio,
Ross County.

No. 1825.

Decided Nov. 20, 1992.

*Scott W. Nusbaum*, Ross County Assistant Prosecuting Attorney, for appellee.

*Phillips & Street* and *John B. Street*, for appellant.

GREY, Judge.

This is an appeal from a jury verdict of the Ross County Court of Common Pleas which found Kathleen Hustead guilty of violating R.C. 2903.34, patient abuse.

Hustead worked in a nursing home. During that time, another employee saw her slap Agnes Poole, a resident of the home. When slapped, Poole grimaced and moaned. Hustead was indicted, tried and found guilty of patient abuse.

## FIRST ASSIGNMENT OF ERROR

"The state failed to prove beyond a reasonable doubt that the victim, Agnes Poole, suffered physical harm."

Hustead asserts that since there was no evidence of physical injury, her motion for acquittal should have been granted.

■ The primary issue before us is the construction of R.C. 2903.34(A)(2). Hustead argues that a slap that causes no redness, no bruising and no head movement is insufficient as a matter of law to satisfy the statute's requirement of "abuse." Under R.C. 2903.33(B)(2), "abuse" means knowingly causing physical harm by physical contact. Under R.C. 2901.01(C), "physical harm" means any injury regardless of its gravity or duration. Thus, the question becomes, does an act which evokes a grimace constitute "physical harm" under the circumstances of this case?

Hustead cites *State v. Knuckles* (Mar. 24, 1986), Butler App. No. CA85–03–021, unreported, 1986 WL 3525, to support her argument that, where the victim does not testify, there must be some outward manifestation of physical harm. The *Knuckles* court reversed a lower court decision. Knuckles, a jail guard, ordered a prisoner who had thrown food on the floor of his cell to come out, then grabbed him by his jumpsuit, and held him up against a wall. The only evidence of physical harm was an injury sustained by Knuckles himself as he held the inmate against the wall. In *Knuckles*, the victim did not testify, nor did anyone testify as to any injury. As the *Knuckles* court noted, at best the state had shown attempted intimidation. That case is not on point.

Hustead also cites *Columbus v. Lipsey* (Mar. 12, 1991), Franklin App. Nos. 90AP–543 and 90AP–544, unreported, 1991 WL 34918, and distinguishes it from the case at hand because in *Lipsey* there was evidence of physical movement. In that case, it was held that where a police officer is struck with enough force to knock him backwards, the trier might reasonably infer such a blow would cause physical harm.

The facts in this case show that Poole's head did not move from the impact. We do not believe that, where a party is physically unable to care for herself, the appropriate indicia of physical harm are movement from bodily impact or an outward sign consistent with injury.

The cases cited by the appellee suggest that the resolution may be found in the plain reading of the statute: "*any* injury * * * or other physiological impairment, *regardless* of its gravity or duration." (Emphasis added.) R.C. 2901.01(C). In *State v. Conliff* (1978), 61 Ohio App.2d 185, 196, 15 O.O.3d 309, 315, 401 N.E.2d 469, 477, Judge Whiteside, in his concurring opinion, notes that "being struck on the head and shoulder by a pie is sufficient to constitute the physical harm element of R.C. 2903.13(A)." See, also, *Columbus v. Bonner* (July 21, 1981), Franklin App. No. 81AP–161, unreported, 1981 WL 3356 ("slightest physical harm is sufficient"), cited in *Lipsey*. See, also, *Dayton v. Hadley* (June 2, 1986),

Montgomery App. No. 9509, unreported, 1986 WL 6330 and *State v. Robinson* (Sept. 30, 1985), Stark App. No. CA–6649, unreported, 1985 WL 6513 ("act of throwing urine upon a person was sufficient to constitute 'physical harm' under R.C. 2903.13").

The transcript shows that two witnesses saw Hustead slap Agnes Poole. There was the sound of the slap, followed by Poole's facial expression. Under the plain reading of the statute, there was sufficient evidence to present to the jury the element of physical harm.

When reviewing a trial court's denial of a defendant's Crim.R. 29(A) motion for judgment of acquittal, an appellate court must construe the evidence in a light most favorable to the state and determine whether reasonable minds could reach different conclusions whether the evidence proves every element of the crime beyond a reasonable doubt. See *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus; *State v. Rogers* (1990), 68 Ohio App.3d 4, 9, 587 N.E.2d 381, 385. An appellate court must not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all elements of the crime beyond a reasonable doubt. See *State v. White* (1989), 65 Ohio App.3d 564, 568, 584 N.E.2d 1255, 1258.

Hustead's first assignment of error is not well taken and is overruled.

## SECOND ASSIGNMENT OF ERROR

"The jury's verdict was against the manifest weight of the evidence."

Hustead asserts that discrepancies in the testimony of the state's witnesses bring their credibility into question, and the jury could not have believed both Hustead and the state's witnesses because their stories were directly contradictory.

While the state's witnesses may have forgotten some details or may have different perceptions of the events, they both agreed that they saw Hustead slap Poole and saw Poole wince in pain. The credibility of the witnesses is an issue properly placed before the finder of fact. It appears the jury believed the state's witnesses, and if they were believed there is sufficient evidence to support the verdict.

Judgments supported by some competent, credible evidence going to all the elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 69, 22 OBR 81, 85, 488 N.E.2d 857, 862; *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 566 N.E.2d 154.

Hustead's second assignment of error is not well taken and is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

HARSHA, J., concurs in judgment only with opinion.

PETER B. ABELE, J., concurs in judgment only.

HARSHA, Judge, concurring.

I concur in the judgment of the principal opinion. With respect to the first assignment of error, I note that appellant failed to renew her Crim.R. 29 motion at the close of all evidence. In such a case, a defendant waives his right to assign as error the insufficiency of the evidence to support a conviction. See *United States v. Rodriguez* (C.A.6, 1989), 882 F.2d 1059, certiorari denied (1990), 493 U.S. 1084, 110 S.Ct. 1144, 107 L.Ed.2d 1048.

That having been said, I note that physical harm includes "any injury." R.C. 2901.01(C). An "injury" for the purpose of R.C. 2901.01(C) is an "invasion of any legally protected interest of another." *State v. Suchomski* (1991), 58 Ohio St.3d 74, 75, 567 N.E.2d 1304, 1305. Construing the evidence most strongly in the state's favor, reasonable minds could conclude that the state proved an invasion of Mrs. Poole's legally protected interests beyond a reasonable doubt. Accordingly, appellant's Crim.R. 29 motion was properly denied.

With respect to the second assignment of error, I find that not only is there some competent, credible evidence supporting the conviction, there is *substantial* evidence supporting all the elements of the offense. The latter is the appropriate standard of review in this case. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus; *State v. Johnson* (1991), 58 Ohio St.3d 40, 42, 567 N.E.2d 266, 268.