[Cite as *In re G.K.*, 2022-Ohio-2124.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

G.K.

A DELINQUENT CHILD

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 21 CAF 01 0006

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Juvenile Division, Case No. 19-09-1841-DL |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 21, 2022 |

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
PROSECUTING ATTORNEY
ELIZABETH MATUNE
ASSISTANT PROSECUTOR
140 North Union Street
Delaware, Ohio 43015

For Defendant-Appellant

TYLER W. DUNHAM
MICHAEL A. MARROCCO
SAIA & PIATT, INC.
98 North Union Street
Delaware, Ohio 43015

*Wise, J.*

**{¶1}** Defendant-Appellant G.K. appeals the judgment entered by the Delaware County Court of Common Pleas, Juvenile Division, on January 13, 2021. Plaintiff-Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On September 5, 2019, a complaint was filed in the Court of Common Pleas of Delaware County, Juvenile Division, charging Appellant with one count of delinquency based upon Tampering with Evidence and one count of delinquency based upon Complicity to Assault on a School Teacher.

**{¶3}** On July 6, 2020, a trial was held on both counts.

**{¶4}** At trial, Q.A. testified that on or about May 13, 2019, Olentangy Hyatts Middle School held a cooking competition. Q.A. was teammates with L.P., F.R., and G.K. Q.A. came up with the idea of putting semen into a crepe to be eaten by K.M., an Olentangy Hyatts Middle School teacher. Q.A. indicated that the rest of his team thought it would be funny.

**{¶5}** May 16, 2019 was the date of the cooking competition. Q.A. continued that he and G.K. talked about filming Q.A. adding the semen to one of the finished crepes before folding it over. Q.A. testified that in the video, you can see G.K., and that G.K. operated the phone's camera, recording the assembly of the crepe containing the semen. Q.A. received video of the judges eating the crepes. Q.A. edited the videos into one and sent it to F.R. and G.K.

**{¶6}** Q.A. also testified the intent was not to harm K.M., but to have an inside joke amongst the four of them.

**{¶7}** K.M. testified that she consumed some of the crepe the morning of the competition. At the time of consumption, she noticed nothing out of the ordinary. However, late that day she was asked to report to the principal. The principal informed K.M. that the crepe she ate contained semen. K.M. testified her stomach flipped, and she felt sick to her stomach. She felt disgusted, violated, targeted, and just didn't want to be anywhere. The feelings just got stronger, and K.M. broke down crying while writing her statement.

**{¶8}** After work she went to a medical testing facility and got a bodily fluid test kit. She had blood drawn and sent away for testing. A month later she went to a different hospital to obtain the results from the test. During that month, she could not obtain summer employment because she was upset.

**{¶9}** On December 31, 2020, the trial court found that the State met its burden of proof regarding the offense of Complicity to Assault on a School Teacher, but that the State failed to meet its burden regarding the offense of Tampering with Evidence.

### ASSIGNMENT OF ERROR

**{¶10}** Appellant filed a timely notice of appeal raising the following Assignment of Error:

**{¶11}** "I. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING OF DELINQUENCY TO COMPLICITY TO ASSAULT ON A SCHOOL TEACHER, IN VIOLATION OF R.C. 2903.13(A) &(C)(4)(d) AND R.C. 2923.03(A)(2)."

**I.**

**{¶12}** In Appellant's sole Assignment of Error, Appellant argues his conviction is not supported by sufficient evidence. We disagree.

**{¶13}** An appellate court applies the same sufficiency of evidence standard of review in a juvenile delinquency case that it applies in an adult criminal appeal. *In re B.T.B.*, 12th Dist. Butler No. CA2014-10-199, 2015-Ohio-2729, ¶16. On review for sufficiency of the evidence, a reviewing court must examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶14}** Appellant was found delinquent for Complicity to Assault on a School Teacher in violation of R.C. §2903.13(A) & (C)(4)(d) and R.C. §2923.03(A)(2).

**{¶15}** R.C. §2903.13(A) & (C)(4)(d), in pertinent part, states:

(A)     No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.

* * *

(C)(4) If the offense is committed in any of the following circumstances, assault is a felony of the fifth degree.

* * *

(d) The victim of the offense is a school teacher or administrator or a

school bus operator, and the offense occurs in a school, on school

premises, in a school building, on a school bus, or while the victim is

outside of school premises or a school bus and is engaged in duties or

official responsibilities associated with the victim's employment or position

as a school teacher or administrator or a school bus operator, including,

but not limited to, driving, accompanying, or chaperoning students at or on

class or field trips, athletic events, or other school extracurricular activities

or functions outside of school premises.

{¶16} R.C. §2923.03(A)(2), in pertinent part, states:

(A)    No person, acting with the kind of culpability required for the

commission of an offense, shall do any of the following:

* * *

(2) Aid or abet another in committing the offense[.]

{¶17} Under this assignment of error, Appellant argues two points: 1) K.M.'s

feeling of illness upon learning of ingesting semen during the cooking competition does

not constitute physical harm under R.C. §2903.13 and 2) the evidence presented at trial

is insufficient to find G.K. was complicit in the commission of the offense.

**Lack of Physical Harm**

{¶18} R.C. §2901.01(A)(3) defines physical harm to persons as "any injury,

illness, or other physiological impairment, regardless of its gravity or duration.

{¶19} This Court has previously held, "no showing of actual trauma or injury is

needed to satisfy the 'physical harm' element of assault. The qualification of the physical

contact as 'physical harm' is a matter to be determined by the trier of fact." *City of Uhrichsville v. Dansby*, 5th Dist. Tuscarawas No. 87AP090068, 1988 WL 70555, *1, *cause dismissed sub nom. Uhrichsville v. Dansby*, 39 Ohio St.3d 727, 534 N.E.2d 362 (1988).

**{¶20}** Appellant contends that emotional stress does not rise to the level of physical harm. In support, Appellant cites to cases distinguishable from the current case. *See State v. Sepulveda*, 3rd Dist. Mercer No. 10-16-03, 2016-Ohio-7177, 71 N.E.3d 1240 (Where a defendant spits on a police officer, the officer's mere apprehension or worry, does not constitute physical harm); *State v. Jones*, 1st Dist. Hamilton No. C-140299, 2015-Ohio-1189, (Where the State failed to present evidence of any injury stemming from Defendant's failure to stop after a traffic accident); *State v. Stout*, 7th Dist. Mahoning No. 13 MA 30, 2014-Ohio-1094, 6 N.E.3d 1263, (Where mere possession of child pornography does not constitute physical harm to the child). In the current case, as opposed to the cases cited by Appellant, K.M. became physically ill because she ingested a crepe with Q.A.'s semen on it. Q.A. testified to placing semen on a crepe while G.K. was recording, the crepe was then presented to K.M. to ingest as part of a cooking competition. Several hours later, upon learning of ingesting the semen, K.M. became physically ill and was sick to her stomach for some time.

**{¶21}** Therefore, we find sufficient evidence, if believed by the trier of fact, was presented to support that becoming physically ill from ingesting a crepe containing semen constitutes physical harm.

**Complicity**

{¶22} According to the complicity statute, "No person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense[.]" R.C. §2923.03(A)(2). A person must act "knowingly" to commit Assault on a School Teacher. R.C. §2903.13(A) & (C)(4)(d). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. §2901.22.

{¶23} To be complicit, "the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus. "[T]he mere presence of an accused at the scene of a crime is not sufficient to prove, in and of itself, that the accused was an aider and abettor." *State v. Widner*, 69 Ohio St.2d 267, 269, 431 N.E.2d 1025, 1027 (1982). Therefore, Appellant must have actively participated in some way to contribute to the unlawful act to aid or abet. *State v. Sayler*, 12th Dist. Warren No. CA2006-03-039, 2007-Ohio-1659, ¶27.

{¶24} Appellant argues that telling Q.A. putting semen in a crepe to be eaten by a teacher would be funny, discussing the act, operating the phone to record Q.A. assembling the crepe with semen, and watching as K.M. ate the crepe is insufficient to prove G.K. was complicit in Q.A.'s assault on a school teacher. We disagree.

{¶25} "[I]t is not necessary that the accused be in a position to foresee the precise consequences of his conduct; only that the consequence be foreseeable in the sense that what actually transpired was natural and logical in that it was within the scope of the

risk created by his conduct." *State v. Losey*, 23 Ohio App.3d 93, 96, 491 N.E.2d 379, 383 (10th Dist.1985).

**{¶26}** In the case *sub judice*, Q.A. testified that G.K. knew about Q.A.'s intent to put semen in the crepe, told Q.A. and the rest of the group it would be funny, operated the phone recording the assembly of the crepe containing the semen, and watched the crepe being served to the judge. G.K. received an edited video of the assembly, delivery, and reaction of the judge eating the contaminated crepe. K.M. become physically ill when learning she ingested the crepe containing semen. We find this to be sufficient evidence, if believed, to support that G.K. knowingly aided and abetted Q.A. in causing physical harm to K.M.

**{¶27}** Appellant's sole Assignment of Error is overruled.

**{¶28}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/br 0615