[Cite as *State v. Terry*, 2023-Ohio-3131.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230049 |
| | | TRIAL NO. 22CRB-20250 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| TREVON TERRY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 6, 2023

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Joseph Otero*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Krista Gieske*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}   Following a bench trial in municipal court, defendant-appellant Trevon Terry was convicted of one misdemeanor count of domestic violence in violation of R.C. 2919.25(A).  He has appealed that conviction, arguing that a cell-phone video recorded immediately after the incident, which depicts Terry holding a knife, was improperly admitted, that his conviction was based on insufficient evidence and that his conviction was against the manifest weight of the evidence.  For the reasons set forth below, we affirm Terry's conviction.

## Facts and Procedural History

{¶2}   On November 27, 2022, Trevon Terry and Kiara Winfield were arguing over the end of their two-year romantic relationship, where they shared a three-year-old boy.  The couple had been exchanging heated text messages earlier that day, and Winfield asked Terry to leave their shared apartment.  Around 5:00 p.m., Winfield returned from work to their apartment and found Terry still packing his belongings.  The text-message argument quickly restarted in person.  The argument escalated when Terry took the only television, which originally belonged to Terry's mother.  While arguing, the two "got in one another's faces."

{¶3}   As the argument escalated, Terry put one hand around Winfield's throat and pushed her away.  The force of the push on Winfield's neck choked her.  In response, Winfield pushed back at Terry, scratched his face, and threatened to call the police.  At the time, Terry was on probation for an earlier assault conviction.  Terry then retrieved a knife, either from the kitchen or a nearby desk, and briefly pointed it at Winfield.  Terry placed his hand on Winfield's neck a second time, but Terry did not push or choke her.

2

{¶4}    Winfield then took out her cell phone and began recording a video of the dispute.  Terry then put the knife down on a table, but it fell to the floor.  Winfield lunged to secure it.  The dispute deescalated and Winfield went to check on their son in the next room while Terry collected his belongings and left.  Winfield called her family, who arrived around 10:00 p.m.  At the behest of her family, Winfield reported the incident to the police.  The responding officer arrived that night and took pictures of Winfield's neck.

{¶5}    Terry was charged with one count of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree.  The matter was tried to the bench.  There the state sought to introduce Winfield's video taken after Terry removed his hand from Winfield's neck, which the court admitted over objection with little discussion.  At the close of trial, the judge found Terry guilty and imposed a suspended sentence with two years' community control.  Terry timely appealed.

## Admission of Evidence

{¶6}    In his first assignment of error, Terry contends that the trial court improperly admitted Winfield's cell-phone video into evidence.  A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion.  *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 19.  An abuse of discretion connotes a judgment that is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  "[A]s the [Ohio] Supreme Court recently clarified, 'courts lack the discretion to make errors of law.' "  *State v. Austin*, 1st Dist. Hamilton Nos. C-210140 and C-210141, 2021-Ohio-3608, ¶ 5, quoting *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304,

3

187 N.E.3d 463, ¶ 39. But an error in an evidentiary ruling does not warrant reversal of the trial court's judgment unless the ruling affected the substantial rights of the complaining party. Evid.R. 103(A); *State v. Griffin*, 1st Dist. Hamilton No. C-020084, 2003-Ohio-3196, ¶ 13.

{¶7} Terry objected to the admission of the cell-phone video under Evid.R. 403, arguing that the video was not probative of whether Terry knowingly harmed Winfield and that the danger of unfair prejudice substantially outweighed any potential probative value. Under Evid.R. 402, "[t]he general principle that guides admission of evidence is that '[a]ll relevant evidence is admissible * * * .' " *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 11, quoting Evid.R. 402. Evid.R. 403 provides "exceptions to this general principle and provides circumstances for the exclusion of relevant evidence." *Id.*, citing Evid.R. 403. One such exception is that relevant evidence is not admissible when "its probative value is substantially outweighed by the danger of unfair prejudice," among other things. *State v. Brown*, 2d Dist. Montgomery No. 24541, 2012-Ohio-1848, ¶ 31, citing Evid.R. 402 and 403(A).

{¶8} The cell-phone video taken by Winfield is probative of multiple facts of consequence. First, it goes to whether Terry knowingly harmed Winfield because the video depicts Terry's anger after Winfield threatened to call the police as well as Terry's confrontational demeanor. Terry's statements contained in the video are also probative of whether Terry knowingly grabbed and pushed Winfield. Had Terry unintentionally grabbed and pushed Winfield, presumably the video would show surprise or a pause instead of the continuation of the argument.

{¶9} The cell-phone video is also relevant because it reinforces Winfield's credibility. The state presented its case with Winfield as the sole witness. Thus, her credibility was at issue. The video supports Winfield's credibility because Winfield testified that Terry had a knife during part of the dispute and a knife can be seen in Terry's right hand in the video. By corroborating this part of Winfield's testimony, the video suggests Winfield's other testimony about being grabbed and choked is more likely to be true.

{¶10} The cell-phone video is also not unfairly prejudicial. Terry argues the video is unfairly prejudicial because it invites the judge to convict Terry of first-degree domestic violence for knowingly harming a family member under R.C. 2919.25(A) based on evidence for the distinct offense of second-degree domestic violence for using threats of force on a family member under R.C. 2919.25(C). Terry was tried in a bench trial. Thus, "we presume that 'the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary.'" *State v. Robbins*, 1st Dist. Hamilton No. C-120107, 2013-Ohio-612, ¶ 14, quoting *State v. White*, 15 Ohio St.2d 146, 151, 239 N.E.2d 65 (1968). There is no indication that the judge abandoned her duty and integrity and convicted Terry of first-degree domestic violence because of a video showing evidence of second-degree domestic violence. Rather, to the contrary, the judge stated at the close of the state's case that "I'm going to admit [the cell-phone video] for what it's worth." This statement suggests that the trial court declined any possible invitation to decide the case on an impermissible basis and only considered the video in light of its relevance to the elements of R.C. 2919.25(A).

{¶11}   Because the cell-phone video was relevant and its probative value was not substantially outweighed by the danger of unfair prejudice, we overrule Terry's first assignment of error.

## Sufficiency of the Evidence

{¶12}   In his second assignment of error, Terry argues that his conviction was not supported by legally sufficient evidence.  A challenge to the sufficiency of evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial.  *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997) (Cook, J., concurring).  The relevant inquiry, when reviewing the sufficiency of the evidence, is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense proved beyond a reasonable doubt.  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *State v. Ojile*, 1st Dist. Hamilton Nos. C-110677 and C-110678, 2012-Ohio-6015, ¶ 48.  In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of the witnesses.  *State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 45.  It is a question of law for the court to determine and a court is not to weigh the evidence unless, after viewing the evidence, it weighs heavily against conviction.  *Id.*

{¶13}   To sustain a conviction for domestic violence under R.C. 2919.25(A), a person must (1) knowingly (2) cause or attempt to cause (3) physical harm (4) to a family or household member.  Terry's sufficiency argument contests only the element of physical harm.  R.C. 2901.01(A)(3) defines "physical harm" to mean an "injury, illness, or other physiological

6

impairment, regardless of its gravity or duration." This court has consistently applied this broad statutory definition, explaining that "[t]he slightest injury is sufficient to prove physical harm." *State v. Jackson*, 1st Dist. Hamilton No. C-210634, 2023-Ohio-785, ¶ 21, quoting *State v. Thornton*, 1st Dist. Hamilton Nos. C-210629, C-210630, C-210631 and C-210632, 2022-Ohio-3452, ¶ 30, citing *State v. Daniels*, 2018-Ohio-1701, 111 N.E.3d 708, ¶ 35 (1st Dist.).

{¶14} There is sufficient evidence, when viewed in the light most favorable to the state, that Terry caused Winfield "physical harm" within the meaning of the domestic-violence statute. A victim's testimony, if found credible, can provide sufficient evidence to sustain a conviction. *City of Cleveland v. Watson*, 8th Dist. Cuyahoga No. 108746, 2020-Ohio-3284, ¶ 38. Though the photographs taken that night do not show any physical marks or bruises, Winfield's testimony that Terry put his hands on her neck twice during the argument and that Terry choked her the first time Terry grabbed Winfield's throat is sufficient evidence to meet the broad statutory definition of "physical harm." *See Daniels* at ¶ 35 (grab of face causing pain is sufficient injury to constitute "physical harm"); *Watson* at ¶ 35 (pain from pulling hair extensions is sufficient injury to constitute "physical harm," though victim suffered no lasting or serious physical harm); *State v. Hustead*, 83 Ohio App.3d 809, 615 N.E.2d 1081 (4th Dist.1992) (slap to the face, which causes no redness, bruising or head movement, is sufficient proof of "physical harm" under patient-abuse statute that uses the same definition for the term).

{¶15} Viewing the testimony in this case in the light most favorable to the prosecution, a rational finder of fact can reasonably conclude that choking

is an injury, illness, or other physiological impairment that constitutes physical harm. Because Terry does not contest the sufficiency of the evidence as to any other element of his conviction, we find that there was sufficient evidence to support Terry's conviction.

## Manifest Weight of the Evidence

{¶16} Additionally, Terry argues in his second assignment of error that his conviction is against the manifest weight of the evidence. In contrast to a challenge to the sufficiency of the evidence, an appellate court, in deciding whether a conviction is against the manifest weight of the evidence, determines whether the state has appropriately carried its burden of persuasion. *Thompkins*, 78 Ohio St. 3d at 390, 678 N.E.2d 541 (Cook, J., concurring). In reviewing the manifest weight of the evidence, an appellate court must review "the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 59, quoting *Thompkins* at 387.

{¶17} In reviewing a challenge to the weight of the evidence, this court sits as a "thirteenth juror." *State v. Curry*, 1st Dist. Hamilton No. C-180493, 2020-Ohio-1230, ¶ 17, quoting *Thompkins* at 387. However, the trier of fact is in the best position to judge the credibility of the witnesses. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus; *State v. Jackson*, 1st Dist. Hamilton No. C-210634, 2023-Ohio-785, ¶ 17. Accordingly, a reviewing court will not substitute its judgment for that of

8

the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *State v. Porter*, 1st Dist. Hamilton No. C-200459, 2021-Ohio-3232, ¶ 25.

{¶18} The trial court was entitled to believe Winfield's testimony that Terry put one hand around Winfield's throat and pushed her away, choking her, and that Terry put his hand on Winfield's neck a second time, but did not choke her. *See State v. McDaniel*, 2021-Ohio-724, 168 N.E.3d 910, ¶ 25 (1st Dist.), quoting *State v. Robinson*, 12th Dist. Butler No. CA2018-08-163, 2019-Ohio-3144, ¶ 29 (holding a conviction is not against the manifest weight of the evidence simply because the trier of fact accepts one explanation over another). The fact that the video corroborated Winfield's testimony that Terry had a knife supports the trial court's credibility determination. Based on a careful review of the entire record, we hold that the trier of fact did not clearly lose its way and create a manifest miscarriage of justice in convicting Terry of domestic violence. This is not an exceptional case where the evidence weighs heavily against conviction.

{¶19} Because we hold that Terry's conviction was supported by sufficient evidence and was not contrary to the manifest weight of the evidence, we overrule the second assignment of error.

## Conclusion

{¶20}  Having overruled both assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE**, **P.J.**, and **KINSLEY**, **J.**, concur.

Please note:

The court has recorded its own entry on this date.