[Cite as *State v. Culbertson*, 2026-Ohio-333.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025CA00046 |
| Plaintiff – Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2024CR2583 |
| EMANUEL CULBERTSON, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: February 2, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** KYLE L. STONE, Stark County Prosecuting Attorney by CHRISTOPHER A. PIEKARSKI, for Plaintiff-Appellee; SETH A. MARCUM, for Defendant-Appellant.

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

{¶1}   Sergent Michael Jones ("Jones"), a patrol sergeant with the City of Alliance Police Department, and other officers responded to a call at Towne Tavern on December 15, 2024.

{¶2}   When Jones entered Towne Tavern, he was met at the front door by Emanuel Culbertson ("Culbertson").

{¶3}   Culbertson followed Jones to the back of the tavern wherein he and Jones had a verbal exchange. During this exchange, Culbertson threatened to slap the shit out

of Jones and rip his fucking face off.  *Trial Transcript*, p. 33. Culbertson then deliberately struck Jones on the left side of his face.

**{¶4}**   A physical scuffle between Jones and Culbertson followed wherein Culbertson attempted to grab Jones around the neck and threw several punches. *Id.*, p. 36.

**{¶5}**   Culbertson was charged with Assault in violation of R.C. 2903.13(A)(C)(5)(a) and Obstructing Official Police Business in violation of R.C. 2921.131 (A)(B)(5).

**{¶6}**   Culbertson waived his right to a jury trial, and the case proceeded to a bench trial wherein he was found guilty of Assault and not guilty of Obstructing Official Business.

**{¶7}**   Culbertson filed a timely appeal and asserts the following assignments of error:

**{¶8}**   "I.   THE TRIAL COURT'S VERDICT REGARDING ASSAULT RESTS UPON EVIDENCE FOUND OUTSIDE OF THE RECORD AND THEREFORE MUST BE REVERSED."

**{¶9}**   "II. OHIO'S ASSAULT STATUTE REQUIRES ACTUAL, PHYSICAL HARM RATHER THAN MERE UNWANTED TOUCHING OR EMBARRASSMENT; THEREFORE, APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶10}** "III. THE OFFICER'S TESTIMONY DEMONSTRATES THAT WHILE TOUCHING MAY HAVE OCCURRED, THERE WAS NO PHYSICAL HARM LET ALONE AN ATTEMPT TO CAUSE PHYSICAL HARM; THEREFORE, THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN APPELLANT'S CONVICTION."

## STANDARD OF REVIEW

{¶11} The Ohio Supreme Court has stated that, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could not have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991).

{¶12} This Court has found, "In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the 'thirteenth juror,' and after 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered.' " *State v. Miller*, 2016-Ohio-8248, ¶ 67 (5th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). "Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the 'exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*

## ANALYSIS

{¶13} Culbertson argues in his first assignment of error that the trial court's verdict regarding assault rests upon evidence outside of the record and therefore must be reversed. *Appellant Brief*, p. 8.

**{¶14}** Culbertson's argument is that State's Exhibits 1A, 1B, 2, 1C, 2C and 3C were never formally admitted into evidence, and therefore, the trial court's reliance on the same was a violation of his Due Process. *Appellant Brief*, p. 9.

**{¶15}** Patrolman Jesse Binkley ("Binkley"), along with Jones, responded to the call and went to Towne Tavern on December 15, 2024. Both patrolmen were wearing body cameras during their response.

**{¶16}** The State played two segments from Binkley's camera and one segment from Jones' camera during their case in chief. These segments were marked as State's Exhibits 1A, 1B and 2 and were authenticated through testimony provided by Jones and Binkley.

**{¶17}** The State and defense counsel both questioned the patrolmen and referenced body camera footage in support of their cases.

**{¶18}** During cross examination, defense counsel questioned both officers regarding the videos and relied on the footage to support his defense. He asked Binkley, "And from you now observing your point of view camera video, you would agree with me that Mr. Culbertson extended his right hand towards the face of Sergeant Jones, correct?" *Id.*, p. 24. He questioned Jones, "We saw the video sir, he never stood up, he continued rendering aid to the individual on the ground, correct." *Id.*, p. 40. He also asked Jones, "Did you just hear yourself saying, Do it, do it right now?" *Id.*, p. 42.

**{¶19}** Defense counsel also relied upon the videos to support his defense by requesting that one of them be played a second time. *Id.*, p. 35. Then stating, "Oh, we didn't see your head whip around . . . ." *Id.*, p. 44.

**{¶20}** The trial judge also requested that two of the segments be played a second time. *Id.*, pp. 17, 26.

**{¶21}** During direct examination of Jones, the State presented three photos to Jones. "I'm going to show you what's been marked as State's Exhibit 3A, 3B and 3C. *** Do you recognize those?" *Id.*, p. 37. Defense counsel also questioned Jones regarding the photos provided by the State. *Id.*, p. 45.

**{¶22}** At the conclusion of the hearing, the state rested. The trial judge asked the prosecuting attorney, "Subject to the admittance of the three exhibits?" *Id.* Even though the prosecuting attorney responded in the affirmative to the judge's question; he failed to formally admit the exhibits into evidence.

**{¶23}** Defense counsel did not call any witnesses but made a closing statement to the court. During this statement, defense counsel clearly relies on the videos in stating, "That's what we saw here, Your Honor, a drunk fool that should never have gone anywhere near what was going on. But I think you can tell form the video there was no slap here …." *Id.*, pp. 48, 49.

**{¶24}** At the conclusion of defense counsel's closing statement and without the State's exhibits formally admitted into evidence, the trial judge proceeded directly to sentencing.

**{¶25}** Culbertson cites *State v. Durham*, 251 N.E.3d 788, 799 (5th Dist. 2024) as his authority that his due process was violated when the trial judge relied on evidence that was not formally admitted into evidence. *Appellant Brief*, p. 9.

**{¶26}** In *Durham*, there was speculation that an unredacted and highlighted expert report, which was not admitted during the trial, was inadvertently taken into the jury room.

This Court ruled in *Durham,* that if the document was in fact taken into the jury room and the jury based its verdict on evidence that was not admitted during trial, it would be a violation of Due Process. *Durham, supra*.

**{¶27}** This case is distinguishable from *Durham* in that Culbertson is not arguing that the content of the videos was inadmissible. The videos were played without objection in open court before a judge. Defense counsel questioned both patrolmen regarding the footage and even relied upon the videos to support his defense.

**{¶28}** This case is similar to *In re Deters,* 2020 Ohio App. LEXIS 2505, *16-17 (1st Dist. Jun. 30, 2020), which stated, "[e]xhibits are deemed admitted where they 'were treated below, without objection, as if they were admitted into evidence.' " Citing, *United States v. Barrett*, 111 F.3d 947, 951, 324 U.S. App. D.C. 188 (D.C.Cir.1997).

**{¶29}** In *Deters*, the trial court found, "Here, the court marked the exhibits for identification and introduced them. The court's witnesses provided testimony regarding at least two of the exhibits. Deters did not object at the hearing. In fact, Deters cross-examined the court's witnesses as if the exhibits were admitted." *Id.* "On appeal, Deters does not suggest that the exhibits were inadmissible or should otherwise not have been admitted into evidence. Therefore, the court's exhibits are deemed admitted." *Id.*

**{¶30}** In the case sub judice, the body camera videos and photos were marked for identification. Binkley and Jones provided testimony regarding the video segments and defense counsel cross examined both patrolmen regarding the footage. The photos were identified by Jones and defense counsel questioned Jones regarding the photos.

**{¶31}** As in *Deters*, Culbertson does not argue on appeal that the exhibits were inadmissible or should not have otherwise been admitted into evidence.

{¶32} The State, defense counsel and the trial judge treated State's Exhibits 1A, 1B, 2, 3A, 3B and 3C as if they had been deemed admitted into evidence.

{¶33} Therefore, this Court finds that the trial court's reliance upon the State's exhibits was not a violation of Culbertson's due process and his first assignment of error is overruled.

{¶34} Culbertson argues in his second assignment of error that Ohio's assault statute requires actual, physical harm rather than mere unwanted touching or embarrassment; therefore, his conviction is against the manifest weight of the evidence. *Appellant Brief*, p. 10.

{¶35} Culbertson argues in his third assignment of error that the officers' testimony demonstrates that while touching may have occurred, there was no physical harm let alone an attempt to cause physical harm; therefore, the State failed to present sufficient evidence to sustain his conviction. *Id*., p. 13.

{¶36} This Court will address Culbertson's second and third assignments of error together.

{¶37} Culbertson was charged with Assault in violation of R.C. 2903.13(A)(C)(5)(a) which states,

(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.

* * *

(C)(5) If the assault is committed in any of the following circumstances, assault is a felony of the fourth degree:

(a) The victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation, a firefighter, or a person performing emergency medical service, while in the performance of the officer's, investigator's, firefighter's, or person's official duties.

**{¶38}** This Court has previously held, "no showing of actual trauma or injury is needed to satisfy the 'physical harm' element of assault. The qualification of the physical contact as 'physical harm' is a matter to be determined by the trier of fact." *In re G.K.*, 2022-Ohio-2124, p. 19. "The slightest injury is enough proof of physical harm." *State v. Bailey*, 2023-Ohio-1267, ¶ 20, c*iting State v. Hustead*, 83 Ohio App.3d 809, 615 N.E.2d 1081 (4th Dist. 1992).[1]

**{¶39}** This Court will examine the evidence admitted at trial, view that evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of R.C. 2903.13(A)(C)(5)(a). This Court will then determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.

**{¶40}** Culbertson argues that the evidence "shows that Mr. Culbertson annoyed Sergeant Jones, Sergeant Jones egged him on, and so Mr. Culbertson touched his face." *Appellant Brief*, p. 12. We disagree.

---

[1] "[s]lap to the face, which causes no redness, bruising or head movement, is sufficient proof of physical harm."

{¶41} The evidence produced by the State during their case in chief consisted of testimony from Jones and Binkley, three video clips from the patrolmen's body cameras[2] and three photos of Jones' eye.[3]

{¶42} Binkley witnessed the interaction between Culbertson and Jones and testified, "[i]t looked like the Defendant slapped Sergeant Jones across the left side of his face with his right hand." *Trial Transcript*, p. 20. Defense counsel attempts to get Binkley to describe the "slap" as a "touch" but Binkley responds, "I couldn't attest to that." *Id.*, p. 25.

{¶43} Jones described the contact, "He used force with his open palm to strike me on the side of my face." *Id.*, p. 43. "It was enough to cause injury." *Id.*, p. 44.

{¶44} Defense counsel, after viewing one of the videos, described the contact to Jones' face, "I saw your head move a little bit, but it wasn't like whipping around to the side, correct?" *Id.*, p. 44.

{¶45} Jones described the altercation that ensued between he and Culbertson following the contact to his face. Jones stated that Culbertson, "[a]ttempted to grab me around the neck, threw several punches." *Id.*, p. 36. Jones sprained his back during the scuffle with Culbertson and had to go to the emergency room for treatment. *Id.*, p. 39.

{¶46} Jones described State's Exhibit 3A, the photo of his left eye. "You can see it's still watering, there's redness, and starting to bruise on the corner of my eye." *Id.*, p. 38.

---

[2] State's Exhibits 1A, 1B and 2.
[3] State's Exhibits 3A, 3B and 3C.

**{¶47}** The trial court ruled that the State met its burden of proving that Culbertson knowingly caused or attempted to cause physical harm to Jones and that he was guilty of assault. *Id.*, p. 50.

**{¶48}** This Court has weighed the evidence and finds that the State has provided competent credible evidence to prove that Culbertson caused injury to Jones as defined in the assault statue.

**{¶49}** This Court has viewed the evidence in a light most favorable to the prosecution and finds that any rational trier of fact could have found the essential elements of assault were proven by the State beyond a reasonable doubt.

**{¶50}** For the foregoing reasons, Culbertson's second and third assignments of error are overruled.

## CONCLUSION

**{¶51}** For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is Affirmed.

**{¶52}** Costs to Appellant.

By: Montgomery, J.
Baldwin, P.J. and
Popham, J. concur.