[Cite as *State v. Crutchfield*, 2024-Ohio-716.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                :       APPEAL NOS. C-230386

                                            C-230387

    Plaintiff-Appellee,        :       TRIAL NOS. B-2205215

                                              B-2301464

                              :

    vs.                              

                              :       *O P I N I O N.*

SHAQUIELLE CRUTCHFIELD,     :

    Defendant-Appellant.      :


Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in C-230387; Appeal Dismissed in C-230386

Date of Judgment Entry on Appeal: February 28, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *John D. Hill*, *Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela J. Glaser,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Following separate bench trials, defendant-appellant Shaquielle Crutchfield was convicted of two counts of assault against Cincinnati Police Officers Karoline Harris and Edward Bedinghaus in the case numbered B-2205215 and one count of assault against Hamilton County Deputy Sheriff Michael Reeder in the case numbered B-2301464. He now appeals from the trial court's judgments entering those convictions. The appeal numbered C-230387 relates to Crutchfield's convictions in the case numbered B-2205215, and the appeal numbered C-230386 relates to Crutchfield's conviction in the case numbered B-2301464.

{¶2} In a single assignment of error, Crutchfield argues that his conviction for assault against Officer Harris in the case numbered B-2205215 was not supported by sufficient evidence. Finding Crutchfield's argument to be without merit, we affirm the trial court's judgment. But we must dismiss the appeal numbered C-230386 because Crutchfield has not raised an assignment of error challenging the underlying judgment in that case.

## I. Factual and Procedural Background

{¶3} Crutchfield was charged with two counts of assault in violation of R.C. 2903.13(A) against Officers Harris and Bedinghaus. The following evidence was adduced at a bench trial on these offenses.

{¶4} Crutchfield worked in the kitchen at Swampwater Grill, a restaurant on Kellogg Avenue in Cincinnati. On October 27, 2022, while working a shift at the restaurant, Crutchfield discovered that a case containing his headphones[1] and related charger was missing, and he believed that it had been taken by another restaurant

---

[1] This item is also referred to as air pods and earbuds in the record, but for consistency we refer to it throughout this opinion as headphones.

2

employee. Crutchfield expressed this belief to kitchen manager Tim Johnson. He told Johnson that Johnson had 30 minutes to discover who had taken his property or he "was going to go on his way and try to find them himself."

{¶5} Johnson took Crutchfield to the office of restaurant owner Chris Ornella and informed Ornella of the situation. Ornella expressed disbelief that Crutchfield's items had been stolen and stated that he would get to the bottom of it. Apparently dissatisfied with this response, Crutchfield responded "wrong answer," and began to search the belongings of fellow employees for his missing property. Ornella described Crutchfield's behavior as agitated and stated that he was exhibiting "crazy activity." Ornella asked Crutchfield to leave, but Crutchfield refused to do so without his missing property. During the search for his property and conversation with Ornella, Crutchfield took his shirt off. Ornella told Crutchfield that he would call the police if Crutchfield did not leave the premises. Crutchfield attempted to chase after Ornella, who locked himself in an office off of the kitchen.

{¶6} Officers Harris and Bedinghaus responded to the restaurant after receiving a report that Crutchfield was threatening employees and would not leave the premises. Both officers noticed upon their arrival that Crutchfield was upset and pacing with his shirt off. Officer Bedinghaus testified that, based on the information he received upon arriving at the scene, he thought it necessary to handcuff Crutchfield. When he attempted to do so, Crutchfield tensed up, refused to put his hands behind his back, and told the officers not to touch him.

{¶7} Officer Bedinghaus unsuccessfully tried to leverage Crutchfield against a wall. Crutchfield resisted and threw Officer Bedinghaus into a kitchen shelf. The officer lost his footing on water and grease on the floor, causing him to fall and strike

his head on the ground. Officer Bedinghaus testified that Crutchfield hit him on the temple with a closed fist and that he suffered a concussion. After Officer Bedinghaus fell, Crutchfield grabbed hold of his taser and pointed it at him.

{¶8} Officer Harris then struck Crutchfield several times with her baton, causing Crutchfield to turn his attention to her. The two became "wrapped up pretty tight," holding each other in what Officer Harris described as a bear hug. Officer Harris stated, "[H]e had ahold of me, and I had ahold of him." She suffered bruising to her right arm from where Crutchfield gripped her during this incident, and she experienced soreness in that area for a couple of days. Officer Bedinghaus deployed his pepper spray on Crutchfield, who was taken into custody when additional officers arrived.

{¶9} Crutchfield testified that on the day of the offenses he was upset that his belongings had been taken. He stated that his coworkers refused to help look for his headphone case and that Ornella refused to check the restaurant's surveillance cameras. Crutchfield explained that Ornella told him to leave the premises, but that he was not willing to do so without his belongings. After Ornella told him that he was no longer welcome, he took off his uniform shirt and threw it in the trash. He intended to put another shirt on, but he was detained by another employee and the police arrived before he was able to do so. Crutchfield testified that one of the officers immediately threatened him with a taser. The officer grabbed Crutchfield's arm, prompting Crutchfield to ask the officer not to touch him. Crutchfield testified that after an officer threw him against the wall to handcuff him, he "freaked out" and pushed the officer.

{¶10}  The trial court found Crutchfield guilty of both counts of assault and imposed an aggregate sentence of 12 months' imprisonment. Crutchfield now appeals.

## II. Sufficiency of the Evidence

{¶11}  In his sole assignment of error, Crutchfield argues that his conviction for the assault of Officer Harris was not supported by the sufficiency of the evidence.

{¶12}  In reviewing the sufficiency of the evidence, we must determine whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶ 12, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4. The court's role is to ask "whether the evidence against a defendant, *if believed*, supports the conviction." (Emphasis sic.) *State v. Jones*, 166 Ohio St.3d 85, 2021-Ohio-3311, 182 N.E.3d 1161, ¶ 16.

{¶13}  Crutchfield was convicted of assault in violation of R.C. 2903.13(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." He first contends that the state failed to prove that he acted knowingly when causing injury to Officer Harris.

{¶14}  Pursuant to R.C. 2901.22(B), "[a] person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." A person is "presumed to intend the natural, reasonable and probable consequences of

his voluntary acts." *State v. Morris*, 1st Dist. Hamilton No. C-150421, 2016-Ohio-5490, ¶ 9, citing *State v. Johnson*, 56 Ohio St.2d 35, 39, 381 N.E.2d 637 (1978).

{¶15} The evidence presented at trial established that Crutchfield was combative with the officers upon their arrival at the restaurant. He would not comply with the officers' request that he submit to handcuffs and he refused to place his hands behind his back. After injuring Officer Bedinghaus, Crutchfield tussled with Officer Harris. He held her in a bear hug, and the pressure that Crutchfield placed on Officer Harris's arm caused bruising and soreness. This evidence, viewed in the light most favorable to the prosecution, was sufficient to establish that Crutchfield acted knowingly and that he was aware that his conduct would probably cause a certain result, namely harm to Officer Harris. *See* R.C. 2901.22(B).

{¶16} Crutchfield next argues that the state failed to establish that he caused Officer Harris physical harm. Physical harm is defined in R.C. 2901.01(A)(3) as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Physical harm is not a high bar to meet. This court has repeatedly held that "[t]he slightest injury is sufficient proof of physical harm." *State v. Daniels*, 2018-Ohio-1701, 111 N.E.3d 708, ¶ 35 (1st Dist.); *see State v. Terry*, 1st Dist. Hamilton No. C-230049, 2023-Ohio-3131, ¶ 13. Officer Harris's testimony that she suffered bruising to her arm and experienced soreness for a couple of days was sufficient to establish that she suffered physical harm.

{¶17} Having found that Crutchfield's conviction for the assault of Officer Harris was supported by sufficient evidence, we overrule his assignment of error.

### III. Conclusion

**{¶18}** The trial court's judgment convicting Crutchfield of assault is affirmed in the appeal numbered C-230387. The appeal numbered C-230386 is dismissed.

Judgment accordingly.

**BOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.